**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IOAN SAS,<br>Individually and on behalf of a class,<br><br><br>    Plaintiff,<br> vs.<br><br>RESURGENCE LEGAL GROUP, PC,<br>INVESTINET, LLC, PALISADES<br>COLLECTION, LLC, and ASTA<br>FUNDING, INC.,<br><br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  <u>Jury Demanded</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

## INTRODUCTION

Plaintiff, Ioan Sas, brings this action to secure redress for unlawful collection practices engaged in by Defendants Resurgence Legal Group, PC, InvestiNet, LLC, Palisades Collection, LLC, and Asta Funding, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1.  This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2.  Venue and personal jurisdiction in this District are proper because:

    a.  Resurgence Legal Group, PC's collection communications were received by Plaintiff within this District;

    b.  Defendants do or transact business within this District.

## PARTIES

3.     Plaintiff Ioan Sas ("Plaintiff") is an individual and natural person who resides in the Northern District of Illinois.

4.     Defendant Resurgence Legal Group, PC ("Resurgence"), is a law firm that is engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a(6). Resurgence is engaged in the business of collecting debts in this State where it regularly collects or attempts to collect defaulted debts owed or due or asserted to be owed or due another, and whose principal purpose is the collection of defaulted consumer debts by litigation and by the mailing of written communications to, and telephone communications with, consumers which are alleged to owe such defaulted debts.

5.     Resurgence collects debts on behalf of purchasers of defaulted consumer debts, such as Palisades Collection, LLC, via litigation, via the mailing of collection letters, and via telephone communications made to alleged debtors, all made in connection with the collection of the alleged debts they attempt to collect.

6.     At the time the filing of this complaint, Resurgence maintained a website, www.resurgencelegal.com, which reads in part as follows:

**RESURGENCE LEGAL GROUP**

**Since its inception in 2001, Resurgence Legal Group has grown to become a leading regional law firm specializing in consumer debt collection. Resurgence works with clients that have business in Illinois, Wisconsin, Minnesota, and California to collect receivables using a proprietary litigation-centric collection model.**

7.     At the time of filing of the instant complaint, Resurgence's website, at www.resurgencelegal.com/services/, reads in part as follows:

**Resurgence Legal Group, PC is a leading regional law firm specializing in consumer debt collection. We deliver results through a comprehensive, scalable servicing platform to maximize recovery in a fair, ethical and cost effective manner. Our diligent staff, efficient processes and automated workflows allow for the most valuable and compliant collection solutions for our clients.**

8.      Based on the foregoing, Resurgence is a law firm that regularly collects defaulted consumer debts on behalf of others, including via litigation.

9.      Resurgence holds an Illinois Collection Agency license.

10.     Resurgence is a regional law firm that specializes in consumer debt collection.

11.     InvestiNet, LLC ("InvestiNet") is a full service account receivables management firm, that hold an Illinois Collection Agency license.

12.     InvestiNet is engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a(6), as it manages a network of law firms throughout the United States, such as Resurgence in this case, that collect defaulted consumer debts on behalf of others, and which pay any recoveries to InvestiNet.

13.     InvestiNet thus indirectly collects defaulted consumer debts and judgments on behalf of third parties, for which it acts as a recovery manager, by placing defaulted consumer debts and judgments with law firms for the purpose of collection of the same, and holds and places claims for defaulted consumer debts with said law firms that it asserts, on its website, that it manages, and thus controls. *Barbato v. Greystone All., LLC*, No. 18-1042, 2019 U.S. App. LEXIS 5336, at *15 (3d Cir. Feb. 22, 2019).

14.     InvestiNet hired Resurgence to collect defaulted consumer receivables, including a judgment entered against Plaintiff in favor of Palisades Collection, LLC.

15.   InvestiNet maintains a website, www.investi-net.com, wherein it states in part as follows:

**Legal Collections**

**InvestiNet manages a network of compliant law firms throughout the United States.   Firms are managed using analytics and Lean Six Sigma methodology to target and eliminate waste, improve efficiency, and increase net recoveries for the Client.**

See https://www.investi-net.com/services-provided/legal-collections/.

16.   InvestiNet maintains a website, www.investi-net.com, wherein it also reads in part as follows:

**Services Provided**

**As a full service, award winning accounts receivable company, we are able to give our clients, regardless of whether they are issuers or owners of debt accounts or the owners of foreclosed real estate properties, a single point of contact with us, while able to have their nationwide accounts serviced, collected on and liquidated.**
- **Dormant Judgments**
- **Legal Servicing**
- **REO**

See https://www.investi-net.com/services-provided/.

17.    Palisades Collection, LLC ("Palisades") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because its principal purpose is the collection of defaulted consumer debts through the mails and interstate commerce.

18.   Palisades buys defaulted consumer receivables, for less than a nickel on the dollar, and attempts to collect the same, including judgments entered against consumers on said consumer receivables, via placing said debts with companies such as InvestiNet, which service the defaulted consumer receivables and said judgments, and which place the same with various law firms to collect.

19. Palisades hired InvestiNet to collect defaulted consumer receivables on behalf of Palisades, including the alleged debt.

20. Palisades hold an Illinois Collection Agency license, and the principal business purpose of Palisades is to collect defaulted consumer receivables, often through third parties such as InvestiNet.

21. Asta Funding, Inc. ("Asta") is a publicly traded Delaware corporation with principal headquarters at 210 Sylvan Avenue, Englewood Cliffs, NJ 07632.

22. Asta has a net worth of over $100,000,000.

23. Asta is engaged in the business of obtaining charged off consumer debt to collect for its own profit, and it hold an Illinois Collection Agency license.

24. Asta places debts that it owns with subsidiaries, such as Palisades Collection, to collect the debts it owns, which allegedly includes the obligation in this case.

25. Asta uses the mails and telephone system in conducting its business and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because its principal purpose is the collection of defaulted consumer debts through interstate commerce and the mails.

26. Asta's 10-Q QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934, for the quarterly period ended December 31, 2018, provides in part as follows:

…**Asta Funding, Inc. ("Asta"), a Delaware Corporation, together with its wholly owned significant operating subsidiaries Palisades Collection, LLC, Palisades Acquisition XVI, LLC ("Palisades XVI"), Palisades Acquisition XIX, LLC ("Palisades XIX"), Palisades Acquisition XXIII, LLC ("Palisades XXIII"), VATIV Recovery Solutions LLC ("VATIV"), ASFI Pegasus Holdings, LLC ("ASFI"), Fund Pegasus, LLC ("Fund Pegasus"), GAR Disability Advocates, LLC ("GAR Disability Advocates"), Five Star Veterans Disability, LLC ("Five Star"), EMIRIC, LLC ("EMIRIC"), Simia Capital, LLC ("Simia"), Sylvave, LLC ("Sylvave") (formerly known as Pegasus Funding, LLC ("Pegasus")), Practical Funding LLC ("Practical Funding"), and other subsidiaries, which are not all wholly owned (the "Company," "we" or "us"), is engaged in several business segments in the financial services industry including…the business of purchasing, managing for its own account and servicing distressed consumer receivables, including charged off receivables, and semi-performing receivables…**

**Consumer receivables**
**This segment is engaged in the business of purchasing, managing for its own account and servicing distressed consumer receivables, including charged off receivables, and semi-performing receivables. Recently, our effort has been in the international areas (mainly South America), as we have curtailed our active purchasing of consumer receivables in the United States. We acquire these consumer receivables at substantial discounts to their face values, based on the characteristics of the underlying accounts of each portfolio…**

27.     Asta directs and authorizes the manner in which Palisades collects defaulted consumer debts. Specifically, Asta requires that Palisades follow written directives and guidelines created by Asta, that it provides to Palisades, in connection with the collection of defaulted consumer debts that Palisades collects on Asta's behalf.

## FACTS

28.     On December 27, 2005, a judgment was entered against Plaintiff, in favor of Palisades, in the case titled *Palisades Collection, LLC v. Ioan Sas*, Case No. 2004-M1-162756 ("Judgment"), filed in the Cook County Circuit Court ("State Action").

29.     The judgment was entered in favor of "PALISADES COLLECTION LLC".

30.     In the State Action complaint, Palisades asserts that it purchased the alleged debt that was originated with Bank One, in connection with a personal, non-business credit card account or line of credit extended to and utilized by Plaintiff, where Plaintiff was asserted to have defaulted on said credit card account or line of credit.

31.     The obligation upon which Plaintiff was alleged to have defaulted stemmed from purchases of goods and services intended and used for family, household, and personal non-business purposes ("Alleged Debt"). The obligation is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

## RESURGENCE'S PETITION TO REVIVE JUDGMENT MISPREPRESENTS THE NAME OF THE CREDITOR, AND THUS VIOLATES SECTION 1692E OF THE FDCPA

32.     On or around April 5, 2019, Resurgence, through abode service, caused Plaintiff to be served with a copy of the attached "Petition to Revive Judgment" ("Petition") and "Summons to Revive Judgment" ("Summons"). (Exhibit A, Petition; Exhibit B, Summons).

33.     The Petition conveyed information regarding the Alleged Debt, including the identity of the alleged creditor, the judgment amount, the amount of interest, and a current balance alleged as being due from Plaintiff, and the Petition is thus a communication as that term is defined at §1692a(2) of the FDCPA.

34.     Resurgence thereafter mailed a copy of the Petition to Plaintiff's home address, and Plaintiff received the Petition via mail thereafter.

35. The Petition reads "That on December 27, 2005, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $3,772.64, plus costs.", and further reads "That as of this date, March 22, 2019, interest at the statutory rate of 9% has accrued in the sum of $4,477.29." (Exhibit A, Petition).

36. The Petition identifies the plaintiff in the State Action as "PALISADES COLLECTIONS LLC". (Exhibit A, Petition).

37. Specifically, the Petition reads that "NOW COMES Plaintiff, PALISADES COLLECTIONS LLC…". (Exhibit A, Petition).

38. Resurgence's statement that "PALISADES COLLECTIONS LLC" is the judgment creditor is false.

39. The judgment creditor is, in fact, "PALISADES COLLECTION LLC".

40. 15 U.S.C. §1692e provides in part as follows:

**False or Misleading Representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt; or**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
**…**
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action…**

41.     Resurgence's statement that "PALISADES COLLECTIONS LLC" is the plaintiff, and thus the judgment creditor, misrepresents the status and character of the Alleged Debt, and thus violates sections 1692e, 1692e(2), and 1692e(10) of the FDCPA.

42.     The misrepresentation is significant, since "PALISADES COLLECTIONS LLC", like "PALISADES COLLECTION LLC", is an *existing* limited liability corporation in whose favor hundreds, if not thousands, of consumer judgments have been entered.

43.     Palisades' misrepresentation is material, since Resurgence sought revival of a nonexistent judgment that was purported to be entered in favor of "PALISADES COLLECTIONS LLC", thus creating a potential double-liability for Plaintiff: the original judgment in favor of "PALISADES COLLECTION LLC" that has not yet been revived, and a spurious judgment "revived" in favor of an entity to which Plaintiff owes no money—"PALISADES COLLECTIONS LLC".

44.     If Plaintiff were to pay off the spurious revived judgment, he could still be pursued by Resurgence and Palisades for payment of the actual judgment entered in favor of the real judgment creditor, which judgment has yet to be revived in its proper name.

45.     Resurgence is fully aware that it is seeking recovery of the Alleged Debt on behalf of the wrong creditor, yet it continues to do so.

46.     On April 23, 2019, judgment was, in fact, revived against Plaintiff, but in favor of "PALISADES COLLECTIONS LLC"—the wrong judgment creditor. (Exhibit C, Order).

47.     The Petition misrepresents the name of the creditor to which the Alleged Debt was owed, and thus violates section 1692e of the FDCPA, which proscribes "false, deceptive, or misleading representation or means in connection with the collection of any debt". 15 U.S.C §1692e.

## RESURGENCE'S PETITION DOES NOT COMPLY WITH SECTION 1692E(11) OF THE FDCPA

48.     Section 1692e(11) proscribes "the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

49.     The Petition is a subsequent "communication" as that term is defined at §1692a(2) of the FDCPA, since it seeks to collect money from Plaintiff by the revival of a purported judgment, seeking that interest be added to the amount sought.

50.     Section 1692e(11) thus requires that, in any communication by a debt collector to a consumer beyond the first communication, that is made in connection with the collection of a debt, that the communication disclose that it is from a debt collector—as long as the communication is not a "formal pleading". 15 U.S.C §1692e(11). *Melnarowicz v. Pierce & Assocs., P.C.*, No. 14 C 7814, 2015 U.S. Dist. LEXIS 107841, 2015 WL 4910748 (N.D. Ill. Aug. 17, 2015); *Heyer v. Pierce & Assocs., P.C.*, No. 14 C 854, 2017 U.S. Dist. LEXIS 3144, at *38 (N.D. Ill. Jan. 9, 2017).

51.     The Petition is not the first communication by Resurgence, to Plaintiff, that was communicated in connection with the collection of the Alleged Debt.

52.     The Petition is not a "formal pleading".

53.    Federal Rule of Civil Procedure 7 lists the following as "pleadings" allowed in a federal case: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). *Heyer,* 2017 U.S. Dist. LEXIS 3144, at *34-35.

54.    While the Petition was filed in a state court as opposed to federal court action, it likewise does not qualify as a "formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." *People v. Pace*, 386 Ill. App. 3d 1056, 1061, 899 N.E.2d 610, 615, 326 Ill. Dec. 393 (4th Dist. 2008) (citing Black's Law Dictionary 1191 (8th ed. 2004)).

55.    Resurgence violated Section 1692e(11) by failing to disclose, on the Petition, that the communication is from a debt collector.

## RESURGENCE'S PETITION TO REVIVE JUDGMENT MISPREPRESENTS THAT COURT COSTS ARE NOT DUE AND OWING AND WERE NOT SOUGHT, AS RESURGENCE LATER SOUGHT SAID COSTS FROM THE COURT, WHICH WERE AWARDED

56.    The Petition reads "That on December 27, 2005, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $3,772.64, plus costs." (Exhibit A, Petition).

57.    The Petition also reads "That court costs still owing prior to the issuance of the Summons to Revive Judgment total $.00." (Exhibit A, Petition).

58.    The Petition further reads "WHEREFORE, Plaintiff prays that the judgment in the sum of $3,772.64 entered on December 27, 2005, be revived." (Exhibit A, Petition).

59. Resurgence thus did not state that costs were due and owing, or sought, in the Petition.

60. Resurgence misrepresented the amount of the Alleged Debt in the Petition by indicating that no costs were due and owing.

61. Resurgence only sought that the judgment amount be revived, with no request for costs, in its Petition.

62. Resurgence states, in its Petition, that Plaintiff owes no costs in connection with the judgment.

63. Despite this fact, Resurgence thereafter sought that costs be added to the judgment amount and sought from Plaintiff, for both filing fees associated with the filing of the State Complaint, and a further amount of $55.00.

64. Resurgence drafted and presented an Order in the State Action that seeks costs, including (in addition to the filing fee previously incurred) a further amount of $55.00.

65. As a result of Resurgence's misrepresentations and material omissions, the Court revived the judgment entered on December 27, 2005 in favor of "PALISADES COLLECTIONS LLC", "with costs". (Exhibit C, Order).

66. Resurgence violated Sections 1692(e) and 1692(f) by misrepresenting the amount and status of the Alleged Debt, and by unfairly communicating to Plaintiff that no costs are due and owing when it did not waive said costs, and when it fully intended to seek payment of said costs from Plaintiff and to collect them in the future.

67. Resurgence was at all times authorized to act on behalf of Palisades to attempt to collect the alleged debt from Plaintiff.

68. Asta is liable for the acts and omissions of each entity that acted on its behalf to collect the alleged debt, which in this case was Palisades, InvestiNet, and Resurgence, that were committed in connection with efforts to collect the alleged debt from Plaintiff. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016).

69. Palisades is liable for the acts and omissions of each entity that acted on its behalf to collect the alleged debt, which in this case was InvestiNet and Resurgence, that were committed in connection with efforts to collect the alleged debt from Plaintiff. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016).

70. Investinet is liable for the acts and omissions of each entity that acted on its behalf to collect the alleged debt, which in this case was Resurgence, that were committed in connection with efforts to collect the alleged debt from Plaintiff. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016).

## COUNT I—INDIVIDUAL COUNT

71. Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

72. Resurgence violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10) and 1692f by misrepresenting in its Petition that no costs were sought, due or owing, though it did not waive said costs at anytime, and it fully intended to seek and collect said costs.

73. Resurgence's intent to collect said costs is evidenced by the form order an attorney from Resurgence drafted and presented to the State Court in advance of the entry of the same on April 23, 2019.

74.    Resurgence's actions are unfair, false, deceptive and misleading, as Plaintiff did not believe that costs would be sought or added to the balance of the judgment, based on the content of the Petition.

75.    An unsophisticated consumer would not believe that costs were due, and/or would be sought or added to a debt, given the language used in the Petition, and could be induced to pay an obligation with the understanding that costs were not due and owing, when in fact they were. The unsophisticated consumer would thus still owe money after making payment, despite believing that a debt was paid in full.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor, and against Defendants for:

a. Statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

## COUNT II—CLASS COUNT—MISREPRESENTING NAME OF CREDITOR

76.    Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

77.    Resurgence violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by misrepresenting the character and legal status of the debt by communicating that a judgment was entered on behalf of "PALISADES COLLECTIONS LLC", when in fact it was entered in favor of "PALISADES COLLECTION LLC", a different legal entity.

78.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of a class.

79.     Exhibit A is form document.

80.     The Class consists of (a) all persons in Illinois (b) to whom Resurgence mailed or served the same form petition that it mailed to and served upon Plaintiff (Exhibit A) (c) on behalf of PALISADES COLLECTION LLC for the purpose of collecting a debt reduced to judgment in Illinois (d) where the petition misrepresents that PALISADES COLLECTIONS LLC is the judgment creditor and (e) where the letter was mailed or served on or after May 19, 2018 and on or before May 19, 2019.

81.     Plaintiff may alter the parameters of the classes to conform to discovery.

82.     Based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

83.     There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual Class members. A predominant common question includes whether Resurgence has a practice of misrepresenting the identity of judgment creditors from which it attempts to collect consumer judgments.

84.     Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal and factual theories.

85.     Plaintiff will fairly and adequately represent the members of the Class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

86.     The Class consists of more than 50 persons from whom Resurgence attempted to collect a defaulted consumer debt, on behalf of Palisades, by mailing or serving the type of petition that was mailed and served on Plaintiff.

87.     Resurgence mailed to or served a petition in the form of Exhibit A to more than 50 persons in Illinois.

88.     A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

89.     Each Defendant is liable for the actions of Resurgence take in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and in favor of the Class, and against Defendants for:

a. Statutory damages;

b. Any actual damages incurred by class members;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as is appropriate.

## COUNT III—CLASS COUNT—FAILURE TO ABIDE BY SECTION 1692E(11)

90.     Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

91.     Resurgence violated 15 U.S.C. §1692e(11) by failing to disclose that a communication it made to Plaintiff, the Petition, is from a debt collector.

92.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of a class.

93.    Exhibit A is form document.

94.    The Class consists of (a) all persons in Illinois (b) to whom Resurgence mailed or served the same form petition that it mailed to and served upon Plaintiff (Exhibit A) (c) on behalf of PALISADES COLLECTION LLC for the purpose of collecting a debt reduced to judgment in Illinois (d) where the petition fails to disclose that it is a communication from a debt collector and (e) where the petition was mailed or served on or after May 19, 2018 and on or before May 19, 2019.

95.    Plaintiff may alter the parameters of the classes to conform to discovery.

96.    Based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

97.    There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual Class members. A predominant common question includes whether Resurgence has a practice of failing to identify itself as a debt collector in petitions to revive judgment that it files and serves upon consumers.

98.    Plaintiff's claims are typical of the claims of the Class members. All are based on the same legal and factual theories.

99.    Plaintiff will fairly and adequately represent the members of the Class. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

100.     The Class consists of more than 50 persons from whom Resurgence attempted to collect a defaulted consumer debt, on behalf of Palisades, by mailing to or serving the type of petition that was mailed and served on Plaintiff.

101.     Resurgence mailed or served a petition in the form of Exhibit A to more than 50 persons in Illinois.

102.     A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

103.     Each Defendant is liable for the actions of Resurgence take in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and in favor of the Class, and against Defendants for:

a. Statutory damages;

b. Any actual damages incurred by class members;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as is appropriate

By:/s/ *Mario Kris Kasalo*
Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## JURY DEMAND

Plaintiff, individually and on behalf of a class, demands a trial by jury.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo